UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

USA                                              CRIMINAL ACTION

VERSUS                                           23-109

CHRISTOPHER PERTUIT                              SECTION: "J" (3)


**ORDER & REASONS**

Before the Court is a *Motion to Strike Sentencing Allegation (18 U.S.C. §
924(e)(1))* **(Rec. Doc. 30)** filed by Defendant, Christopher Pertuit; an opposition filed
by the Government (Rec Doc. 38); and Plaintiff's reply (Rec. Doc. 41). Having
considered the motion and memoranda, the record, and the applicable law, the Court
finds that the motion should be **DENIED.**

**FACTS AND PROCEDURAL BACKGROUND**

On June 6, 2023, Mr. Pertuit was federally indicted in a single count
indictment of being a convicted felon in possession of a firearm in violation of 18
U.S.C. § 922(g)(1). (Rec. Doc. 30-1, at 1). The indictment also contains a Sentencing
Allegation under 18 U.S.C. § 924(e)(1) which states that the prior convictions listed
in Count 1 are "violent felony offenses" committed on occasions different from one
another—specifically, a 2001 conviction for simple robbery, a 2008 conviction for
armed robbery, and a 2008 conviction for first degree robbery. (Rec. Doc. 1) All the
convictions were under Louisiana state law. (Rec. Doc. 1)

Thus, Mr. Pertuit is potentially subjected to an enhanced sentence under the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(1), based on his three Louisiana convictions for armed robbery, first degree robbery, and simple robbery each committed on separate occasions. (Rec. Doc. 30). The enhanced penalty under ACCA would enhance the punishment from the § 922(g) offense from a maximum of 15 years in prison to a mandatory term of 15 years up to life in prison. 18 U.S.C. § 924(e)(1).

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Rule 12 authorizes the court to rule on a pretrial motion, if the motion presents a question of law in a case involving undisputed facts. *United States v. Garner*, 28 F.4th 678, 683-84 (5th Cir. 2022). Thus, whether a crime is a predicate to an enhanced sentence under ACCA is a question of law that can be resolved by the Court without a trial. *See United States v. Garrett*, 24 F.4th 485, 488 (5th Cir. 2022).

## DISCUSSION

Mr. Pertuit argues his prior convictions do not qualify as "violent felony offenses" under ACCA. (Rec. Doc. 30-1, at 1). Mr. Pertuit argues that pursuant to *Borden v. United States,* 593 U.S. 420 (2021) and *United States v. Garner*, 28 F.4th 678 (5th Cir. 2022), the deciding factor of whether a Louisiana robbery conviction is a "violent felony" under ACCA is whether the offense requires specific intent or

2

general intent. (Rec. Doc. 30-1, at 1, 4). Mr. Pertuit argues his robbery convictions are not "violent felonies" because Louisiana robberies only require general intent. (Rec. Doc. 30-1, at 5-6).

In response, the Government responds that Mr. Pertuit's argument is based on an overly broad interpretation and misapplication of *Garner*, arguing that the *Garner* court addressed a single narrow issue: whether Louisiana's aggravated assault with a firearm offense was a "crime of violence" as defined in the U.S.S.G. § 4B1.2(a). (Rec. Doc. 38, 1).

The Government cites to Fifth Circuit cases in which the court has held that Louisiana robbery constitutes a predicate violent felony. (Rec. Doc. 38, at 4) (citing *United States v. Brown*, 437 F.3d 450, 453 (5th Cir. 2006); *United States v. James*, 950 F.3d 289, 293-94 (5th Cir. 2020)). In addition, the Government cites to cases in which the Fifth Circuit has subsequently refused to extend its holding in *Garner*. (Rec. Doc. 38, at 7) (citing *United States v. Forbito*, 2023 WL 8274528 at *3 (5th Cir. Nov. 30, 2023)).

## **LAW**

ACCA provides that anyone who "knowingly violates subsection . . . (g) of section 922 shall be fined under this title, imprisoned for not more than 15 years, or both." 18 U.S.C. § 924(a)(8). Next, it provides that any defendant with "three previous convictions by any court . . . for a violent felony . . . shall be fined under this title and imprisoned not less than fifteen years," *Id.* § 924(e)(1), thereby addressing the

"special danger" associated with "armed career criminals." *United States v. Powell*, 78 F.4th 203, 205-06 (2023) (citations omitted).

Under ACCA, and relevant here, a "violent felony" includes "any crime punishable by imprisonment for a term exceeding a year" that "has an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). This is known as the elements clause. *Welch v. United States*, 578 U.S. 120, 123 (2016).

"To qualify as an ACCA predicate, a crime must 'ha[ve] as an element the use, attempted use, or threatened use of force.'" *Garrett*, 24 F.4th at 488 (citations omitted). Courts do not resort to a case-by-case evaluation of the underlying facts to each conviction. *Borden*, 593 U.S. at 424. Courts are to look at the statute itself and examine the elements of that crime; meaning courts are to apply a categorical analysis to determine whether the statute itself necessarily and invariably requires the "use . . . or threatened use of physical force." *Garrett*, 24 F.4th at 488; 18 U.S.C. § 924(e)(2)(B)(i). "If any—even the least culpable—of the acts criminalized do not entail that kind of force, the statute of conviction does not categorically match the [force clause], and so cannot serve as an ACCA predicate." *Garrett*, 24 F.4th at 488 (quoting *Borden*, 593 U.S. at 424). Thus, "any crime that can be committed without the use of force cannot serve as an ACCA predicate under the force clause, regardless of whether the actual facts of the case at hand indicate that force was used." *Id.*

A crime cannot be a predicate under ACCA's force clause if it can be committed through recklessness. *Borden*, 593 U.S. at 445. "Offenses with a *mens rea* of

recklessness do not qualify as violent felonies" because "[t]hey do not require. . . the active employment of force against another person." *Id.*

## ANALYSIS

The issue is whether Mr. Pertuit's convictions—a 2001 conviction for simple robbery, a 2008 conviction for first degree robbery, and a 2008 conviction for armed robbery—constitute "violent felony" offenses under ACCA. The Court finds that Louisiana's simple robbery, first degree robbery, and armed robbery constitute "violent felony" offenses under ACCA.

Mr. Pertuit was convicted as follows. First, in 2001, Mr. Pertuit was convicted of simple robbery, (Rec. Doc. 30-1, at 5), which "is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon." La. Stat. Ann. § 14:65(A) (2001).  Second, in 2008, Mr. Pertuit was convicted of first degree robbery (Rec. Doc. 30-1, at 5), which is "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon." La. Stat. Ann. § 14:64.1(A) (2008). Third, in 2008, Mr. Pertuit was convicted of armed robbery, (Rec. Doc. 30-1, at 5), which is "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon." La. Stat. Ann. § 14:64(A) (2008).

Louisiana law enumerates simple robbery, first degree robbery, and armed robbery as a "crime of violence." La. Stat. Ann. § 14:2(B)(21)-(23); *United States v. Brown*, 437 F.3d 450, 452 (5th Cir. 2006).

> A 'crime of violence" means an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person . . . and that, by its very nature, involves a substantial risk that physical force against the person . . . may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon.

La. Stat. Ann. § 14:2(B).

Considering the text of the relevant Louisiana statutes, the application of the categorical analysis, and Fifth Circuit precedent, the Court finds Louisiana's simple robbery, first degree robbery, and armed robbery are predicate offenses to ACCA. Thus, Mr. Pertuit was properly categorized as a career offender.

First, the relevant Louisiana robbery statutes, at issue, necessarily and invariably require the use or threatened use of physical force, as required by ACCA because each offense requires the "use of force or intimidation." La. Stat. Ann. § 14:64(A), § 14:64.1(A), § 14:65(A). "The only difference between the three robbery statutes concerns the method of taking: whether armed with a weapon, believed to be armed with a weapon, or unarmed." (Rec. Doc. 30-1, at 5). Although ACCA does not include "intimidation" in its definition of "violent felony," the Fifth Circuit has held that ""[i]n some circumstances, an 'implicit threat to use force' can be a threat of

physical force even though 'no express threat was made.'" *United States v. James*, 950 F.3d 289, 294 (5th Cir. 2020) ("intimidation in the bank-robbery context is inherently tied to a threatened use of force"). Likewise, in *United States v. Brown*, the Fifth Circuit held that the Louisiana crime of simple robbery qualifies as a violent felony under ACCA and it rejected the defendant's "argument that a simple robbery conviction could be achieved 'simply with intimidation and, therefore, without the use of threatened use of force.'" *James*, 950 F.3d at 292-293 (citing *United States v. Brown*, 437 F.3d 450, 452 (5th Cir. 2006)). Moreover, in addition to the text of robbery statutes at issue, Louisiana law enumerates simple robbery, first degree robbery, and armed robbery as a "crime of violence" because each have "an element, the use, attempted use, or threatened use of physical force against the person . . . and that, by its very nature, involves a substantial risk that physical force against the person . . . may be used in the course of committing the offense." La. Stat. Ann. § 14:2(B). Accordingly, the Court finds that Mr. Pertuit's prior convictions constitute predicate violent felonies for ACCA because the statutory text of the Louisiana's robbery statutes at issue has an element the use, threatened use, or attempted use of physical force against the person of another.

Second, simple robbery, first degree robbery, and armed robbery cannot be committed through recklessness. The definition of the element clause of "violent felony" requires that the perpetrator direct his action at, or target, another individual. *Borden*, 593 U.S. at 429. Whereas "[r]eckless conduct is not aimed in that prescribed manner. *Id*. at 439. The Court finds that Louisiana's robbery statutes

require that the offender direct his action at another person and cannot be committed through recklessness.

Third, the Fifth Circuit has held Louisiana's armed robbery and simple robbery constitute predicate violent felonies under ACCA. In *United States v. James*, 950 F.3d 289 (5th Cir. 2020), the Fifth Circuit held that Louisiana armed robbery is a violent felony under ACCA because it necessarily entailed the use or threatened use of force. *James*, 950 F.3d at 290. In *United States v. Brown*, the Fifth Circuit held that "the Louisiana crime of simple robbery qualifies as a violent felony under the ACCA as a matter of law." *United States v. Brown*, 437 F.3d 450, 453 (5th Cir. 2006). "The only difference between the three robbery statutes concerns the method of taking: whether armed with a weapon, believed to be armed with a weapon, or unarmed." (Rec. Doc. 30-1, at 5). Like the court's reasonings in *James* and *Brown*, first degree robbery entails the use or threatened use of force necessary for sentencing enhancement under ACCA and is, therefore, a predicate violent felony offense.

Lastly, *Garner* does not govern Mr. Pertuit's case. For, "[t]he *Garner* decision was rooted in Louisiana caselaw that evidenced that LA. R.S. 14:37.4—and only LA. R.S. 14:37.4—was a general-intent crime that proscribed negligent and reckless conduct." *United States v. Forbito*, No. 22-11026, 2023 WL 8274528, at *3 (5th Cir. Nov. 30,2023).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Mr. Pertuit's *Motion to Strike Sentencing Allegation* **(Rec. Doc. 30)** is **DENIED.**

New Orleans, Louisiana, this 3rd day of September, 2024.


CARL J. BARBIER
UNITED STATES DISTRICT JUDGE